# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| CHRISTINA OSENBACH, | * |
| and BRYAN OSENBACH, | *   No. 16-419V |
| parents of B.O., a minor, | *   Special Master Christian J. Moran |
| | * |
| Petitioner, | *   Filed: March 29, 2017 |
| | * |
| v. | *   Attorneys' fees and costs; |
| | *   interim award not appropriate. |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

<u>Sylvia Chin-Caplan</u>, Law Office of Sylvia Chin-Caplan, Boston, MA, counsel for petitioners
<u>Ronald C. Homer and Christina Ciampolillo</u>, Conway, Homer, P.C., Boston, MA, former counsel for petitioners;
<u>Michael P. Milmoe</u>, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION DENYING
INTERIM ATTORNEYS' FEES AND COSTS[1]**

Initially represented by Mr. Ronald Homer of the law firm then known as Conway Homer & Chin-Caplan, P.C., Christina and Bryan Osenbach filed a petition on April 4, 2016, alleging that pneumococcal ("PCV") and inactivated poliovirus ("IPV") vaccinations harmed their minor child B.O. The Osenbachs sought compensation from the National Childhood Vaccine Injury Compensation Program, found at 42 U.S.C. § 300aa−10 through 34 (2012).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

While the question of whether the vaccinations harmed B.O. remains pending, a motion requesting an award of attorneys' fees and costs on an interim basis was filed. Pet'rs' Fee Appl'n, filed Dec. 16, 2016. The Secretary filed a response. Resp't's Resp., filed Jan. 13, 2017. For the reasons explained below, an award of attorneys' fees and costs is not appropriate at this time. Therefore, the petitioner's request is DENIED WITHOUT PREJUDICE.

## I.   Brief Factual and Procedural History

B.O.'s seizures began in July 2012. He was admitted to the emergency room on July 26, 2012 and on October 11, 2012 for seizures. Exhibit 13 at 94, exhibit 18 at 12. While hospitalized, he was seen by neurologist John Wooten. The Osenbachs later followed up with him at several appointments. At age seven months, Dr. Wooten placed B.O. on anticonvulsant medication. Exhibit 13 at 81, 85. Over the years B.O. has seen several physicians and undergone numerous treatments for his neurological disorder. B.O. continues to have seizures and is developmentally delayed. Exhibit 29 at 2.

On April 17, 2013, B.O. received his PCV and IPV vaccines as part of his twelve month physical. In the petition, the Osenbachs asserted that, as a result of these vaccinations, B.O. suffered "a significant aggravation of an underlying neurological condition." Pet. at 2. According to timesheets submitted by the Osenbachs, Ms. Osenbach first contacted the law firm of Conway Homer & Chin-Caplan, P.C. on September 17, 2015. On behalf of the Osenbachs, the law firm prepared and filed a petition with the Clerk's Office on April 4, 2016, then collected medical records, drafted affidavits, and filed these documents over the course of several months.

On November 29, 2016, the Secretary filed his report pursuant to Vaccine Rule 4. The Secretary's opinion was that the Osenbachs had not established vaccine causation or that the vaccines, not "the natural course of the preexisting condition," harmed B.O. The Secretary noted that the Osenbachs had not submitted an expert report to support the allegations and recommended that the petition be dismissed. Resp't's Rep., filed Nov. 29, 2016, at 6-7. During the ensuing status conference, a deadline was set for the submission of an expert report. Order, filed Dec. 12, 2016.

The pending motion for attorneys' fees and costs on an interim basis was filed on December 16, 2016, followed a few days later by a consented motion to

substitute Sylvia Chin-Caplan as attorney of record in place of Mr. Homer. The Secretary filed a response deferring to the undersigned for a determination of whether an award of attorneys' fees and costs at this juncture is appropriate. The Secretary stated that, based on the current record, reasonable basis had not been met noting that an expert report deadline remained outstanding. Resp't's Resp., filed Jan. 13, 2017, at 3. The Osenbachs did not submit a reply.

Now represented by Ms. Chin-Caplan, the case moved forward. The Osenbachs filed the expert report and curriculum vitae of Dr. Mahbubul Huq on February 6, 2017. Exhibits 36, 37. About one month later, the cited literature was filed. Exhibit 36, tabs A-MM.

## II.  Analysis

Broadly speaking, resolving the pending motion for an award of attorneys' fees and costs on an interim basis requires consideration of three issues. The first is whether the petitioner is eligible for attorneys' fees and costs. If the petitioner is eligible, then the second issue is whether the petitioner should receive any attorneys' fees and costs at this time. The third question is, assuming that some award is appropriate, what constitutes a reasonable amount in this case.

### Whether the Petitioner's Case Satisfies the Requirements for an Award of Attorneys' Fees and Costs

Petitioners who have not yet been awarded compensation may be entitled to an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa—15(e)(1). Here, the expert report from Dr. Huq satisfies the reasonable basis standard. In addition, the Osenbachs brought this petition in good faith.

### Whether the Petitioner Should be Awarded Attorneys' Fees and Costs on an Interim Basis as a Matter of Discretion

After a finding of good faith and reasonable basis, the special master may exercise discretion in awarding attorneys' fees and costs on an interim basis. Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 91 (2016) (citing Cloer v. Sec'y of Health & Human Servs., 675 F.3d 1358, 1362 (Fed. Cir. 2012) (en banc), aff'd, 133 S.Ct. 1886 (2012)); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (2010) (ruling that special master acted within discretion in denying an award of attorneys' fees and costs on an interim basis). The Federal

Circuit identified some factors for a special master to consider before awarding attorneys' fees and costs on an interim basis. These include: "protracted proceedings," "costly experts," and "undue hardship." Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352. This list is illustrative, not exhaustive.

The Osenbachs' former counsel provided no reason why an award of attorneys' fees and costs at this juncture in the case is appropriate. For completeness, the undersigned will briefly address the three factors listed in Avera. Here, these factors do not balance in favor of an award of attorneys' fees and costs at this time.

The first factor is "protracted proceedings." The Conway, Homer & Chin-Caplan, P.C. firm filed the Osenbachs' petition on April 4, 2016. To date, about one year since the filing of the petition, the litigation has moved at a typical pace. The litigation has not been protracted.

Next is an assessment of "costly experts." A review of the timesheets reveals that a search for an expert was conducted, an expert identified, and a retainer of $2,000 paid for the expert that was ultimately used by the Osenbachs in this case. No further costs related to an expert were expended.

The next factor is "undue hardship." While Avera did not explain whether the hardship in waiting for a decision on attorneys' fees and costs until after the merits resolved should fall on the petitioner, or the petitioner's attorney, at least one judge of the Court of Federal Claims has found that the burdened person may be the petitioner's attorney. Rehn, 126 Fed. Cl. at 94. Here, further analysis as to whether a delay in payment will constitute a "hardship" and if that hardship is "undue" is not required because the Osenbachs' former counsel has not made this argument.

The factors do not balance in favor of an award of attorneys' fees and costs at this juncture in the litigation and the Conway, Homer, & Chin-Caplan, P.C. firm has not presented a showing to warrant interim fees. See McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 301 (2011). The undersigned has opted to act on the motion at this time explicitly for two reasons. First, the undersigned's resolution of the motion provides a basis on which the Osenbachs could file a motion for review. See Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1376 (Fed. Cir. 2010). Second, the undersigned wishes to advise attorneys representing petitioners in future cases that they need to justify an interim award with more than a conclusory argument that they are entitled to such an award.

Because an award is deemed inappropriate at this time, there is no need to determine a reasonable amount in this case.

### III.   Conclusion

For these reasons, the undersigned declines to exercise discretion to award the Osenbachs reasonable attorneys' fees and costs on an interim basis.  This decision's denial of an award of attorney's fees and costs now does not constitute a denial of fees and costs entirely.  If the litigation becomes protracted, the Osenbachs may wish to request, again, an award of attorneys' fees and costs on an interim basis.  Alternatively, the Osenbachs may defer a motion for attorneys' fees and costs until the end of the case.  The December 16, 2016 motion for an award of attorneys' fees and costs on an interim basis is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

S/ Christian J. Moran
Christian J. Moran
Special Master