# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-419V

```
* * * * * * * * * * * * * * * * * * * * * * * *
CHRISTINA OSENBACH and            *
BRYAN OSENBACH parents of         *
B.O., a minor,                    *          Chief Special Master Corcoran
                                  *
              Petitioners,        *          Filed:  April 20, 2026
                                  *
      v.                          *
                                  *
SECRETARY OF HEALTH AND           *
HUMAN SERVICES,                   *
                                  *
              Respondent.         *
                                  *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Sylvia Chin-Caplan*, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for Petitioners.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISIOIN GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 4, 2016, Christina and Bryan Osenbach, on behalf of their minor child, B.O., filed a petition under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners alleged that as a result of receiving the pneumococcal and inactivated poliovirus vaccines on April 17, 2013, B.O.'s pre-existing, underlying epilepsy/seizure disorder was significantly aggravated. Petition (ECF No. 1) at 1. After trial, a decision denying entitlement was entered on August 8, 2023. *See* Decision, dated Aug. 8, 2023 (ECF No. 130). Petitioners moved for review of my decision (ECF No. 132), but the motion was denied. Judge Vaccine Order/Opinion, dated Feb. 5, 2024 (ECF No. 137). Their subsequent appeal to the Federal Circuit

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

was also unsuccessful. Decision of Court of Appeals for Federal Circuit, dated Aug. 18, 2025 (ECF No. 142).

Petitioners previously requested an interim award of attorney's fees and costs in December 2016, but their motion was denied, as counsel did not provide a reason for why an award at that juncture was appropriate. *See* Decision—Interim Attorneys' Fees and Costs, dated Mar. 29, 2017 (ECF No. 53) ("Interim Fees Mot."). Petitioners have now filed a motion for a final award of attorneys' fees and costs. Motion, dated Feb. 18, 2026 (ECF No. 146) ("Final Fees Mot."). Petitioners requests attorney's fees and costs relating to the work performed by present counsel (Sylvia Chin-Caplan of the Law Office of Sylvia Chin-Caplan, LLC) ("SCC")) since her appearance in the matter, as well as fees and costs relating to the work performed by previous counsel (Ronald C. Homer of Conway, Homer, P.C.). Petitioners request a total of $368,135.94— reflecting $329,325.48 for SCC ($282,249.10 in attorney's fees, plus $47,076.38 in costs), and $38,784.89 for Conway, Homer, P.C. ($34,438.50 in attorney's fees, plus $4,346.39 in costs). Final Fees Mot. at 1–2. The costs include Petitioners' unreimbursed litigations costs, which are discussed in greater detail below.

Respondent reacted to the fees request on February 20, 2026. *See* Response, dated Feb. 20, 2026 (ECF No. 147) ("Resp."). Respondent is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioners did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of **$368,135.94**.

**ANALYSIS**

## I.    Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] is demonstrated through some objective evidentiary showing.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

*Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioners' claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle them to a fees and costs award. The evidence herein preponderated in favor of the conclusion that B.O. likely suffered from a form of Dravet syndrome that was genetic in origin. Despite the Petitioners' inability to demonstrate preponderantly a vaccine association, they offered reasonable proof in support of their causation theory, and raised good faith arguments based on objective evidence about the possibility of vaccine aggravation of that genetic disease. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for their attorneys based on the years work was performed:

### (A) Conway, Homer, P.C. Fees

|  | 2015 | 2016 |
|---|---|---|
| Sylvia Chin-Caplan (Attorney) | $400 | $400 |
| Christina Ciampollilo (Attorney) | -- | $300 |
| Ronald Homer (Attorney) | -- | $400 |
| Kevin Conway (Attorney) | -- | $415 |
| Paralegals | $135 | $135 |

Interim Fees Mot. at 4–21.

### (B) Law Office of Sylvia Chin-Caplan, LLC Fees

|  | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sylvia Chin-Caplan (Attorney) | $400 | $414 | $429 | $445 | $445 | $458 | $495 | $540 | $563 | $584 | -- |
| Nicole Anne Caplan-Mason (Attorney) | -- | -- | -- | -- | -- | -- | $220 | $240 | $275 | -- | -- |

4

| Timothy Mason (Attorney) | -- | -- | -- | -- | -- | $261 | -- | $300 | $318 | $400 | $420 |
| Paralegals | -- | $140 | -- | -- | $150 | $150 | $160 | -- | -- | -- | -- |

Final Fees Mot. at 4–39.

The attorneys at Petitioners' former and current firms have been recognized to practice in forum, thus, entitling them to commensurate rates established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-396V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020); *Esala v. Sec'y of Health & Hum. Servs.*, No. 18-1333V, 2021 WL 5080045, at *3 (Fed. Cl. Spec. Mstr. Oct. 6, 2021). The rates requested (including newly-requested 2026 rates for Attorney Mason) are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[5] *Clark v. Sec'y of Health & Hum. Servs.*, No. 20-376V, 2025 WL 4031721, at *2 (Fed. Cl. Spec. Mstr. Dec. 17, 2025); *Garcie v. Sec'y of Health & Hum. Servs.*, No. 21-1601V, 2026 WL 608758, at *3 (Fed. Cl. Spec. Mstr. Feb. 2, 2026). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## III. Calculation of Costs

### (A) Conway, Homer, P.C. Costs

Petitioners seek $4,346.39 in outstanding costs, including the filing fee, medical record retrieval costs, medical literature costs, mailing and postage costs, and costs associated with retaining a single expert, AHM Mahbubul Huq, M.D., Ph.D. Interim Fees Mot. at 21–22. All of these costs are commonly incurred in the Vaccine Program, and are reasonable herein. Thus, all requested costs shall be awarded.

### (B) Law Office of Sylvia Chin-Caplan, LLC Costs

Petitioners also seek $47,076.38 in outstanding costs, including the Federal Circuit filing fee, medical literature costs, mailing costs, costs associated with travel and appellate material preparation, as well as additional costs associated with the work of Dr. Huq, including his testimony at trial. Final Fees Mot. at 39–41. Dr. Huq prepared two written reports and testified on behalf of Petitioners. Dr. Huq submitted an invoice reflecting a total of $34,000.00 (billing at $500.00 an hour for 68 hours of work) charged on the matter. His rate, and the work performed on the matter, are adequate and shall be awarded herein.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node2914 (last visited Apr. 20, 2026).

**(C) Petitioners' Unreimbursed Litigation Costs**

Lastly, Petitioners request $25.57 in personal costs incurred for postage. Interim Fees Mot. at 48, 49. Again, this is a common expense incurred in the Vaccine Program, and is reasonable herein.

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs in its entirety. Petitioners are awarded a total amount of **$368,135.94**, reflecting (a) $38,784.89 in attorney's fees and costs, to be paid through an ACH deposit to Petitioner's *former* counsel at Conway, Homer, P.C., Ronald C. Homer's IOLTA account for prompt disbursement; (b) $329,325.48 in attorney's fees and costs, to be paid through and ACH deposit to Petitioners' current counsel of record, Sylvia Chin-Caplan's IOLTA account for prompt disbursement; and (c) $25.57 in Petitioners' unreimbursed litigation costs, to be paid through an ACH deposit to Petitioners' current counsel of record, Sylvia Chin-Caplan's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

6